JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRAILSFORD, ANGEVIN WILLIE

**DEFENDANTS**
WHOLE FOODS MARKET GROUP, INC.; WHOLE FOODS MARKET, INC.; and AMAZON.COM.KYDC, LLC

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | **Other:** | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 2000-1

Brief description of cause:
Discrimination in the workplace

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 6/15/20
SIGNATURE OF ATTORNEY OF RECORD /s/ M A W

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANGEVIN WILLIE BRAILSFORD | : | CIVIL ACTION |
| v. | : | |
| WHOLE FOODS MARKET GROUP, INC., ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 06/16/2020 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 867 Perkiomen Street, Philadelphia, PA 19130

Address of Defendant: 2101 Pennsylvania Ave, Phila, PA 19130; 7720 Peters Rd, Plantation, FL 33324; 410 Terry Ave North, Seattle, WA 98109

Place of Accident, Incident or Transaction: 2101 Pennsylvania Avenue, Philadelphia, PA 19130

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/16/2020     _____ (signature) _____     60643
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability — Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Marc A. Weinberg, Esquire, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 06/16/2020     _____ (signature) _____     60643
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 867 Perkiomen Street, Philadelphia, PA 19130

Address of Defendant: 2101 Pennsylvania Ave, Phila, PA 19130; 7720 Peters Rd, Plantation, FL 33324; 410 Terry Ave North, Seattle, WA 98109

Place of Accident, Incident or Transaction: 2101 Pennsylvania Avenue, Philadelphia, PA 19130

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/16/2020      *Attorney-at-Law / Pro Se Plaintiff*      60643
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[✓] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Marc A. Weinberg, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[ ] Relief other than monetary damages is sought.

DATE: 06/16/2020      *Attorney-at-Law / Pro Se Plaintiff*      60643
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEVIN WILLIE BRAILSFORD<br>867 Perkiomen Street<br>Philadelphia, PA 19130<br>    Plaintiff,<br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.<br>2101 Pennsylvania Avenue<br>Philadelphia, PA 19130<br>    and<br>WHOLE FOODS MARKET, INC.<br>7720 Peters Road<br>Plantation, FL 33324<br>    and<br>AMAZON.COM.KYDC, LLC<br>410 Terry Avenue North<br>Seattle, WA 98109<br>    Defendants. | Civil Action<br><br>Jury Trial Demanded |

## **COMPLAINT**

### I. **PRELIMINARY STATEMENT**

Plaintiff, Angevin Willie Brailsford, brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortious actions.

1

## II. JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f).

2. Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission, which is attached hereto as Exhibit "A."

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

4. At all times material hereto, Whole Foods Market Group, Inc., Whole Foods Market, Inc., and Amazon.com.KYDC, LLC, (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

5. At all times material hereto, Defendants, employed more than 100 employees.

6. At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

7. At all times material hereto, Defendants, were an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

8. At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

9. At all times material hereto, the Defendants' discrimination occurred within the district of this Court and in the City and County of Philadelphia.

2

## III. THE PARTIES

10. Claimant, Angevin Willie Brailsford (hereinafter "Brailsford"), is an adult male who is African American.

11. Upon information and belief, Defendants own and operate a grocery store/supermarket a registered address and a principal place of business located at 2101 Pennsylvania Avenue, Philadelphia, PA 19130, and the Plaintiff was employed at that location.

12. Upon information and belief, Nick Williamson (hereinafter "Williamson"), a Caucasian male, was employed by Defendants, as a supervisor, and at all times material hereto had the authority to discipline and terminate the Plaintiff.

13. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', location in Pennsylvania.

## IV. FACTUAL BACKGROUND

15. Plaintiff was hired by Defendants on April 7, 2017, as a cook, working at the 2102 Pennsylvania Avenue Whole Foods store.

16. In or around April, 2018, Kristine, a Caucasian female, and co-worker of the Plaintiff, began spreading unfounded rumors that Plaintiff was stealing.

17. On or about May 21, 2018, Plaintiff went to Human Resources and spoke to an individual named Khalil, about the rumors Kristine was spreading.

18. Khalil directed Plaintiff to speak to Nick Williamson, which Plaintiff did. Williamson informed Plaintiff not to worry about it.

19. On or about June 21, 2018, while he was on vacation, Plaintiff received a phone

3

call from a co-worker, indicating he was under investigation for the alleged theft Kristine had complained about.

20. On or about June 28, 2018, when Plaintiff returned to work, he voiced his concerns about the rumors of theft being spread by Kristine, to his supervisor, Nick Williamson.

21. Williamson told the Plaintiff not to worry about the rumors.

22. On or about July 24, 2018, Plaintiff was questioned about stealing on the job, as Kristine had continued to spread rumors about the alleged theft. On that same date, Plaintiff signed a paper indicating he did not steal from Defendants.

23. At no point did Plaintiff steal from the Defendants.

24. From around July 24 through July 26, 2018, Williamson was allegedly reviewing the camera footage from the store.

25. The camera footage did not show Plaintiff stealing from Defendants.

26. Despite no evidence showing any alleged theft by the Plaintiff, on or about July 26, 2018, Plaintiff was terminated.

27. Plaintiff's termination was unfounded and pretextual.

28. Plaintiff's termination was based on his race.

29. At all times material hereto, Plaintiff's supervisor was Williamson, who was in a position of authority over Plaintiff, and had the authority to terminate the Plaintiff.

30. At all times material hereto, Williamson was acting within the course and scope of his employment.

31. Any acts or omissions attributed herein to Defendants, were committed or omitted

by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendants.

32. At all times material hereto, Plaintiff was subject to harassment and discrimination based upon his Race, which included a hostile work environment and retaliation.

33. At all times material hereto the harassment, hostile work environment and discrimination to which Brailsford was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

34. Brailsford was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

35. During the course and within the scope of his employment with Defendants, Brailsford was treated less favorably than similarly situated, non-Black employees.

36. At all times material hereto, Williamson aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Brailsford was subjected.

37. The aforementioned conduct of Defendants and Williamson was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

38. Defendants had a continued need for the work that Plaintiff had been performing.

39. Notwithstanding, Plaintiff's complaints and clear indication to Defendant that the

5

aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing conduct and accusations continued throughout the course of his employment with Defendants.

40. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

41. As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

    (a)    was discharged from his employment to his great financial detriment;

    (b)    was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c)    suffered severe emotional distress, embarrassment, humiliation and depression.

42. When Plaintiff reported the harassment to Human Relations, and to Williamson, he was subject to retaliation in the form of termination.

## COUNT I
### ANGEVIN WILLIE BRAILSFORD V. WHOLE FOODS MARKET GROUP, INC., WHOLE FOODS MARKET, INC., and AMAZON.COM.KYDC, LLC
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000

43. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

44. The conduct of Defendants and Williamson's treatment of Brailsford in his employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Brailsford's harassment, hostile work environment, retaliation and discrimination was based upon his Race.

WHEREFORE, Plaintiff, Angevin Willie Brailsford, demands judgment against Defendants, including:

(a) A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including

official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
### ANGEVIN WILLIE BRAILSFORD V. WHOLE FOODS MARKET GROUP, INC., WHOLE FOODS MARKET, INC., and AMAZON.COM.KYDC, LLC
### <u>VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.</u>

45. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

46. The conduct of Defendants' treatment of Brailsford in his employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Brailsford's harassment, hostile work environment, retaliation and discrimination was based upon his Race.

47. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected his status as an employee because of his race.

48. As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income,

benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff Angevin Willie Brailsford demands judgment against Defendants, Whole Foods Market Group, Inc., Whole Foods Market, Inc., and Amazon.com.KYDC, LLC, including:

    (a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

    (b) equitable and declaratory relief requiring Defendant, Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

    (c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

    (d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

    (e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

    (f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

                    **Respectfully submitted,**

                    **SAFFREN & WEINBERG**

BY: /s/ Marc A. Weinberg
**MARC A. WEINBERG, ESQUIRE**
**Pa. Attorney I.D. No.: 60643**
**815 Greenwood Avenue, Suite 22**
**Jenkintown, PA 19046**
**P: (215) 576-0100**
**F: (216) 576-6288**
**mweinberg@saffwein.com**

**Dated: 06/15/2020**

# EXHIBIT A

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Angevin W. Brailsford<br>867 Perkiomen Street<br>Philadelphia, PA 19130 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-03890 | **Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*      March 23, 2020

Enclosures(s)     **Jamie R. Williamson,**     *(Date Mailed)*
               **District Director**

cc:    Emily J. Nelson, Esq.<br>
Senior Counsel, Labor & Employment<br>
WHOLE FOODS MARKET<br>
828 W 6th Street<br>
Suite 200<br>
Austin, TX 78703

       Marc A. Weinberg, Esq.<br>
SAFFREN WEINBERG<br>
1500 J.F.K. Boulevard<br>
Suite 1030<br>
Philadelphia, PA 19102

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*